## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**EUGENE SCALIA, Secretary of Labor,
United States Department of Labor;**

**Plaintiff,**

**vs.**

**VASQUEZ DRYWALL, LLC and
MANUEL VASQUEZ, and individual.**

**Defendant.**

**4:19CV3104**

**MEMORANDUM
AND ORDER**

This matter is before the Court on the motion for extension of time, ECF No. 13, filed by Defendant Manuel Vasquez ("Vasquez"). For the reasons stated below, the motion will be denied.

On February 4, 2020, Plaintiff filed a Motion for Entry of Default. ECF No. 8. The next day, the Clerk entered default against both Defendants. ECF No. 9. On February 13, 2020, Plaintiff filed a Motion requesting a default judgment. ECF No. 11. On March 16, 2020, the Court entered a Default Judgment against both Defendants. ECF No. 12. On March 24, 2020, the Court received a correspondence from Vasquez acknowledging receipt of the Clerk's Entry of Default and requesting an extension for the purpose of obtaining an attorney.[1] Because the entry of default and a default judgment have already been entered, the Court will treat Vasquez's correspondence as a motion to set aside the Clerk's Entry of Default, vacate the Default Judgment, and for an extension of time.

A court may set aside the entry of default under Fed. R. Civ. P. 55(c) for "good cause." "To determine whether good cause exists, this court considers the: (1)

---

[1] The correspondence was dated March 2, 2020, and was postmarked March 23, 2020.

blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default." *Johnson v. Leonard*, 929 F.3d 569, 573 (8th Cir. 2019) (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).

A court may set aside a final default judgment under Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) allows a court to relieve a party from a final judgment for excusable neglect, among other reasons. "When determining whether neglect is excusable, courts consider the following factors derived from *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993): '(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant.'" *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 368 (8th Cir. 2018) (quoting *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)). "The existence of a meritorious defense is also a relevant factor." *Id.* (quoting *Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006)).

Vasquez's correspondence states only that he is requesting additional time because he is currently seeking an attorney to represent him. Vasquez's correspondence provides no reason for his failure to respond to the Complaint or the Motions filed by Plaintiff. Vasquez has not demonstrated good cause, excusable neglect, or any other reason entitling him to the relief he requests. Thus, the Court will not set aside the Clerk's

Entry of Default or vacate the Default Judgment and will deny Vasquez's request for an extension of time.

Accordingly,

IT IS ORDERED:  Defendant Manuel Vasquez's motion, ECF No. 13, is denied.

Dated this 22nd day of April, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge